# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

## CIVIL RIGHTS COMPLAINT FORM FOR PRO SE, PRISONER LITIGANTS IN ACTIONS UNDER 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

Gary Lee Seymour,

Inmate ID Number: 0-T77153,

_____,

*(Write the full name and inmate ID number of the Plaintiff.)*

Case No.: 5:20cv214-TKW-MJF
*(To be filled in by the Clerk's Office)*

v.

Mark S. Inch, Secretary, Florida Department of Corrections,

**Jury Trial Requested?**
☑ YES ☐ NO

_____,

RECEIVED
NWFRC

AUG 13 2020

INMATE INITIALS _____

_____,

*(Write the full name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

_____/

FILED USDC FLND PN
AUG 17 '20 PM2:53

NDFL Pro Se 14 (Rev 12/16) Civil Rights Complaint Prisoner
ClerkAdmin/Official/Forms

1

## I. PARTIES TO THIS COMPLAINT

### A. Plaintiff

Plaintiff's Name: Gary Lee Seymour     ID Number: 0-T77153

List all other names by which you have been known: N/A

Current Institution: NWFRC main unit

Address: 4455 Sam Mitchell Drive

Chipley, FL. 32428

### B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *every* Defendant:

1. Defendant's Name: Mark S. Inch

   Official Position: Secretary, Florida Department of corrections

   Employed at: Florida Department of corrections

   Mailing Address: 501 S. Calhoun Street

   Tallahassee, FL. 32399

   ☐ Sued in Individual Capacity          ☑ Sued in Official Capacity

2. Defendant's Name: _N/A_

   Official Position: _N/A_

   Employed at: _N/A_

   Mailing Address: _N/A_

   _N/A_

   ☐ Sued in Individual Capacity     ☐ Sued in Official Capacity

3. Defendant's Name: _N/A_

   Official Position: _N/A_

   Employed at: _N/A_

   Mailing Address: _N/A_

   _N/A_

   ☐ Sued in Individual Capacity     ☐ Sued in Official Capacity

*(Provide this information for all additional Defendants in this case by attaching additional pages, as needed.)*

## II. BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), you may sue federal officials for the violation of certain Constitutional rights.

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)   ☑ State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate whether you are a prisoner, detainee, or in another confined status:

☐ Pretrial Detainee          ☐ Civilly Committed Detainee

☑ Convicted State Prisoner   ☐ Convicted Federal Prisoner

☐ Immigration Detainee       ☐ Other *(explain below)*:

_____N/A_____

_____N/A_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* which show why you are entitled to relief. Describe how *each* Defendant was involved and what each person did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal argument, quote cases, cite to statutes, or reference a memorandum.*** You may make copies of the following page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages

should be attached. *Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.*

1.) Title II of the ADA and §504 of the Rehabilitative Act (RA) discrimination against Secretary, Mark S. Inch in his official capacity, for creating and implimenting in Systematic fashion, allowing his "staff" et al, to not be responsable for issuing plaintiff the pediatric diaper accommodations plaintiff requires for incontinence, the plaintiff is a 100% disabled man and adjudicated so by law.

2.) The secretary is fully aware that plaintiff is being denied proper ADA accommodations and was notified via prison grievance proceedure to which plaintiff has exhausted.

3.) Plaintiff was receiving pediatric diapers as a treatment regamine for bowel incontenence before he entered the prison system, due to plaintiff being paraplegic (wheelchair bound) and having no feeling. Plaintiff was provided pediatric diapers in the county jail as well.

4.) The plaintiff entered the Florida Department of corrections on February 19, 2014 at Central Florida Reception center (CFRC) with (2) boxes of pampers cruisers size 6 (pediatric diapers) and they continued to be provided, but were being harder to receive.

5.) Plaintiff was transffered to Gulf C.I.-Annex around March 2015, where he was inially provided Huggies Little movers size 5 for about (2) months then the

**Statement of Facts Continued** *(Page 2 of 3)*

pediatric diapers (Huggies) were removed from me and was told by medical staff you are going to get "Big boy" diapers, and plaintiff was given Adult diapers that were way to large for plaintiff's very small frame and leaked fecal matter on bedding and in clothes.

6.) Plaintiff requires the pediatric diapers to avoid periodic and reoccuring open sores caused by the ill-fitting adult diapers and the leakage of fecal matter.

7.) Plaintiff also has cancer as well as other serious medical conditions that if these sores get infected plaintiff could be put in a life threatening situation.

8.) Plaintiff received Huggies Snug n' Dry size 6 at Suwannee C.I.-main unit from around April 2019 and sent (3) boxes of Huggies with plaintiff when he transferred back to NWFRC-main unit.

9.) Plaintiff is being denied programs, services and activities due to the ill fitting adult diapers leaking and foul smelling, which causes plaintiff to frequently miss chow and has been told to leave the law library, chapel, ect.

10.) Then around June 2020, plaintiff again returned to NWFRC-main unit with (1) box of pampers which was provided to him at Century C.I. and was taken by security at NWFRC-main unit. (Sgt. Stevens, R.)

Statement of Facts continued (page 3 of 3)

11.) Based on information and belief, plaintiff believes he is being denied the pediatric diapers he despartly needs due to him filing many grievances, complaints and lawsuits.

12.) Based on the "Settlement Agreement" the Florida Department of corrections entered in to (DRF V. Julie Jones) says that "any" accommodation or pass that was provided to a qualified inmate cannot be removed without significant "penological justification." FDC is currently being sued for numerous violations of said settlement agreement.

13.) Plaintiff also believes that without an Injunction the, pain, Humiliation, and degrading treatment will continue, also the crimes against a qualified ADA inmate will continue and escalate, Due to an unspecified policy, and/or unwritten custom, plaintiff believes he is intentionally being denied, deprived of the pediatric diapers as a form of retaliation.

14.) Mr. Robert Easley, Doc# L11027, Has provided a sworn affidavit attesting to the facts listed here-in. (See Attached Affidavits)

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section III. If more than one Defendant is named, indicate which claim is presented against which Defendant.

1.) Title II of the ADA and §504 of the Rehabilitave Act Discrimination against Mark S. Inch. For Allowing his staff to deny Already perscribed And provided ADA Accommodations.

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

A.) Declaratory and Injuctive Relief as to Defendant Inch and require his staff to provide the Accommodation(s) listed herein; in the Amount of $~~~~~~

B.) Compensatory damages as to Defendant Inch; in the Amount of $200,000.00

C.) nominal damages where compensatory damages are limited by law; $75,000.00

NDFL Pro Se 14 (Rev 12/16) Civil Rights Complaint Prisoner
ClerkAdmin/Official/Forms

7

D.) Such other relief as the court deems just and proper

**ATTENTION:** *The Prison Litigation Reform Act ("PLRA") does not permit awards for punitive or compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e).*

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The PLRA requires that prisoners exhaust all available administrative remedies *(grievance procedures)* before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.*

## VIII. PRIOR LITIGATION

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a "strike"?

☐ YES  ☑ NO

If you answered yes, identify the case number, date of dismissal and court:

1. Date: __N/A__ Case #: __N/A__
   Court: __N/A__

2. Date: __N/A__ Case #: __N/A__
   Court: __N/A__

3. Date: __N/A__ Case #: __N/A__
   Court: __N/A__

*(If necessary, list additional cases on an attached page)*

B. Have you filed other lawsuits in either **state or federal court** dealing with the same facts or issue involved in this case?

☑ YES  ☐ NO

If you answered yes, identify the case number, parties, date filed, result *(if not still pending)*, name of judge, and court for each case *(if more than one)*:

1. Case #: __2016CA002740__ Parties: __Gary Seymour v. Dept. of corrections__

Court: Second Judicial circut Leon county    Judge: Charles W. Dodson

Date Filed: 12/15/16   Dismissal Date (if not pending): I believe sometime in 2017

Reason: Wrong Motion

2. Case #: N/A   Parties: N/A

   Court: N/A   Judge: N/A

   Date Filed: N/A   Dismissal Date (if not pending): N/A

   Reason: N/A

C. Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?

☐ YES  ☑ NO

If you answered yes, identify all lawsuits:

1. Case #: N/A   Parties: N/A

   Court: N/A   Judge: N/A

   Date Filed: N/A   Dismissal Date (if not pending): N/A

   Reason: N/A

2. Case #: N/A   Parties: N/A

   Court: N/A   Judge: N/A

   Date Filed: N/A   Dismissal Date (if not pending): N/A

   Reason: N/A

3. Case #: N/A   Parties: N/A

Court: __N/A__  Judge: __N/A__

Date Filed: __N/A__ Dismissal Date *(if not pending)*: __N/A__

Reason: __N/A__

4. Case #: __N/A__ Parties: __N/A__

   Court: __N/A__ Judge: __N/A__

   Date Filed: __N/A__ Dismissal Date *(if not pending)*: __N/A__

   Reason: __N/A__

5. Case #: __N/A__ Parties: __N/A__

   Court: __N/A__ Judge: __N/A__

   Date Filed: __N/A__ Dismissal Date *(if not pending)*: __N/A__

   Reason: __N/A__

6. Case #: __N/A__ Parties: __N/A__

   Court: __N/A__ Judge: __N/A__

   Date Filed: __N/A__ Dismissal Date *(if not pending)*: __N/A__

   Reason: __N/A__

*(Attach additional pages as necessary to list all cases.* **Failure to disclose all prior cases may result in the dismissal of this case.***)*

## IX. CERTIFICATION

I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct. Additionally, as required by Federal

Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 8/13/20  Plaintiff's Signature: _____

Printed Name of Plaintiff: Gary Lee Seymour

Correctional Institution: NWFRC- main unit

Address: 4455 Sam Mitchell Drive

Chipley, FL. 32428

**I certify and declare, under penalty of perjury, that this complaint was (*check one*) ☑ delivered to prison officials for mailing or ☐ deposited in**

the prison's mail system for mailing on the __13__ day of __August__, 20__20__.


Signature of Incarcerated Plaintiff: _____

# GENERAL AFFIDAVIT

I, **Robert Easley #L11027**, do hereby swear the following statement is true and correct, and made of my own free will from personal knowledge:

On **August 5, 2020**, at approximately **1:00** ☐ AM / ☒ PM,

This affidavit is to affirm that Gary Seymour is and has been discriminated against by staff here at NWFRC (Main). Gary came to this prison with the proper fitting diapers due to his serious medical condition. Staff contrary to the settlement agreement in particular Sgt Stevens confiscated his diapers while we were housed in E2 in 2019. Gary came from Century and Suwanee C.I. with the right size diapers. These diapers are considered an A.D.A. accommodation. Medical since has given him too big of diapers that leaks all over, causing gross smells that often have him almost getting in fights. Also, sores are occuring on his buttocks, due to the diapers being disfunctional.

This disparant treatment is degrading and humiliating. And I'm available and wish to testify for gary should this matter escalate into a court room situation.

This is clearly a crime under § 825.102(3)(c) as well as a civil matter and if FDOC refuses to treat him, they should be made to refer him for conditional medical release so that he can seek proper medical care.

## DECLARATION AND OATH

**UNDER PENALTIES OF PERJURY,** I declare that I have read the foregoing document, and swear that the facts stated in it are true and correct in accordance with Florida Statutes section 92.525 (2).

/s/ **Robert Easley #L11027**

_____, Affiant



Mailed From A State Correctional Institution

Gary Lee Seymour Doc # 177153
NWFRC - MAIN UNIT
4455 SAM MITCHEL DRIVE
CHIPLEY, FLORIDA 32428

CLERK, U.S. DISTRICT COURT
ONE NORTH PALAFOX STREET
PENSACOLA, FLORIDA 32502-5658

LEGAL MAIL