RECEIVED NWFRC
SEP 15 2020
INMATE INITIALS

Northern District of Florida
Panama City, Division

Gary Lee Seymour,
 Plaintiff,

v.

Case No: 5:20-cv-214-TKW/MJF

Mark S. Inch,
 Defendant,
_____/

## Motion For Temporary Restraining Order (TRO) And Preliminary Injunction with Memorandum of Law

Comes Now, the plaintiff, Gary Lee Seymour, pro se, and the court's jurisdiction, hereby moves this honorable court to enjoin defendant from further allowing his staff to engage in discrimination by denying ADA Accommodation(s) plaintiff needs and would show as follows:

1.) Plaintiff readopts, realleges and incorporates by refference his complaint for damages.

2.) Defendant(s) Mark S. Inch, has allowed his staff to committe discrimination against a qualifed ADA inmate, by engageing in systemic fashion with an unwritten policy or custom.

3.) Defendant(s) Mark S. Inch, continues to knowingly allow his staff to discriminate against plaintiff by denying the requested ADA accommodations, pediatric diapers.

4.) Plaintiff has reasonable cause to belief that he is in danger of reocurring sores that could put him in imminent danger of death.(

## I. Memorandum of Law

Unless the status quo is maintained, the plaintiff will suffer _irreparable harm_. Denial of reasonable ADA accommodations that prevent sores are injurious to mind and body constitutes irreparable harm. Injunctions are available to prevent torturous acts.

(Page 1)     29 Fla. Jur. 2d Injunctions § 45. (1998).

Plaintiff has <u>No adequate remedy</u> in that he will suffer irreparable mental and physical injury for which money damages cannot cure.

Plaintiff has a <u>Great Liklihood of Success</u> on the merits. The law prohibits discrimination against a qualifed ADA individual, 42 U.S.C § 12101 et seq. and 42 U.S.C § 12132 of the ADA. Plaintiff is also protected from discrimination under Title II of the Rehabilitation Act (RA) 28 C.F.R § 39.130.

It is in the <u>Public intrest</u> to grant the injunction because it is public policy that prisoners be kept free from victimization under section 825.102(3)(a), Florida Statutes and 42 U.S.C. § 12132 and 42 U.S.C § 12131 or 28 C.F.R § 39.130.

The plaintiff will suffer more without an injunction, than the defendant(s) will suffer if the injunction is granted in that infection caused by open reocurring sores from ill-fitting adult diapers and the ultimate punishment of death easily overcomes providing plaintiff with pediatric diapers. (ex: Huggies, pampers, luvs, etc. size 5 or 6).

The plaintiff should not be required to post a security or bond as he is poor and indigent with no assets so is therefore unable to give bond. <u>Southands v. Matel Mgmt, Co.</u>, 564 So.2d 523, 524 (Fla. 3rd DCA 1991)("It would be inequitable to require appellates to post a bond..."); Goldberger v. Regency Highland Condominium Ass'n, 383 So.2d 1173, 1175 (Fla. 4th DCA 1980)(court may issue Temporary injunction without bond where it finds "that the party seeking the Temporary Injunction is unable to give bond").

In determining whether a party is entitled to a Temporary Restraining Order or a preliminary Injunction, courts generally consider several factors: whether the party will suffer irreparable injury, the balance of hardships between the parties, the likelihood of success on the merits, and the public intrest. Each of these factors favors the granting of this motion.

## Conclusion

Wherefore, Plaintiff prays that this court enjoin defendant(s) from committing or causing anyother person to commit any further acts of discrimination against plaintiff, Including denying the pediatric diapers plaintiff needs for bowel incontinence and prevent reoccuring open sores or any other offense resulting in physical, mental injury or death to plaintiff and further that defendant(s) be enjoined them committing a violation of the injunction through an unlawful removal of pediatric diapers from plaintiff.

(Page 2)

## Declaration of Oath

I declare under penalties that the facts contained in the foregoing Motion are true and correct to my knowledge and belief, pursuant to 28 U.S.C §1746 and Section 92.525(2), Florida Statutes.

Respectfully Submitted,

/s//: _____
print: Gary Lee Seymour
DC# 0-T77153

## Certificate of Service

I certify that a true and correct copy of the foregoing document has been placed into the hands of institutional staff at Northwest Florida Reception Center - Main Unit for delivery by U.S mail to:
Clerk of U.S District Court, 1 N. Palafox Street Pensacola, Florida 32502;

Dated this 15 day of September, 2020.

/s//: _____
print: Gary Lee Seymour
DC# 0-T77153
Address: NWFRC-Main Unit
4455 Sam Mitchell Drive
Chipley, FL 32428

(Page 3)

Kerry Seymore Doc# 170153
WERE-Dorm H-1+
4455 Sam Mitchell Drive
Chipley, FL 32428

Mailed from Tallahassee FL 323
Corrections State
Institution
SEP 18 2020 PM

UNITED STATES POSTAGE
PITNEY BOWES
02 1P $ 000.55⁰
0000932279 SEP 16 2020
MAILED FROM ZIP CODE 32428

Clerk, U.S. District Court
1 N. Palafox St.
Pensacola, FL. 32502

RECEIVED SEP 22 2020

32502-565850