## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

GARY LEE SEYMOUR,

     Plaintiff,

v.                              CASE NO.:  5:20-cv-214-TKW-MJF

MARK S. INCH, SECRETARY OF
FLORIDA DEPARTMENT OF
CORRECTIONS,

     Defendant.

_____/

## MOTION TO DISMISS

The Defendants Mark S. Inch, Secretary of the Florida Department of Corrections, by and through the undersigned counsel and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, moves to dismiss the Plaintiff's Complaint (ECF No. 1) for failure to state a claim upon which relief can be granted, and in support of the Defendant's motions, states the following:

## BACKGROUND AND PROCEDURAL HISTORY

1.     The Plaintiff, Gary Lee Seymour (the "Plaintiff" or "Seymour"), DC# T77153, is an inmate in the custody of the Florida Department of Corrections and serving a fourteen-year sentence for eighty-three (83) convictions for possession of child

pornography. His estimated release date is December 27, 2028.[1]

2. On August 17, 2020, the Plaintiff initiated a 42 USC § 1983 action by filing his Complaint for Violation of Civil Rights alleging violations of Americans with Disabilities Act and Section 504 of the Rehabilitation Act. *See generally* ECF No. 1.

3. On September 22, 2020, the Plaintiff filed in a Motion for Temporary Restraining Order and Preliminary Injunction. ECF No. 6.

4. On April 21, 2021, the Secretary was served with the summons, complaint, and Plaintiff's motion, and after an extension requested by the Secretary, a response to the motion and complaint is due on July 12, 2021. ECF No. 19.

5. After three extensions, including one *sua sponte*, the Secretary's response is due by July 23, 2021. *See* ECF Nos. 16, 21

The Plaintiff **alleges** the following:

In his Complaint, the Plaintiff alleges that he has a small frame, is paraplegic in a wheelchair, is 100% disabled, and that he is not receiving pediatric diapers for bowel incontinence. ECF No. 1 at 5. After being convicted for the above-referenced offenses, on February 19, 2014, the Plaintiff began his incarceration with the Florida Department of Corrections ("FDC" or "the Department") at Central Florida Reception Center (CFRC) with two boxes of pampers cruisers size 6, and said diapers were being continuously provided "but were being harder to receive." Id. at 5. In March 2014, he was transferred to Gulf C.I. and provided with Huggies Little Movers

---

[1] FDC's Offender Information Search, http://www.dc.state.fl.us/offendersearch/, Seymour, Gary L. DC# T77153.

size 5 for approximately 12 months.  Id.  Thereafter, the medical staff took away his Huggies and allegedly told the Plaintiff that he needed to get "big boy" diapers and provided him with adult diapers that are too large for Plaintiff's small frame.  Id. at 5-6.

Apart from being a paraplegic, the Plaintiff alleges he has cancer and other serious medical conditions, and that if he develops sores, an infection could place him in a life-threatening situation.  Id.  Although the Plaintiff's timeline is vague, presumably between March 2015 through April 2019, the Plaintiff was receiving adult diapers, until he received three boxes of Huggies in April 2019 when he was transferred from Suwannee C.I. to Northwest Florida Reception Center.  Id.  In June 2020, Sgt. Stevens at NWFRC took the Plaintiff's pediatric diapers.  Id.  The Plaintiff alleges that he is "being denied programs, services, and activities due to the ill-fitting adult diapers leaking" causing him to miss his meals and being told to law library and chapel.  Id.

The Plaintiff sues the Secretary in his official capacity only.  Id. at 2.  For relief, the Plaintiff requests declaratory and injunctive relief to provide him with pediatric diapers, and compensatory, punitive, and nominal damages totaling $275,000.  Id. at 8.

## Memorandum of Law

### I.    Motion to Dismiss Standard

"[T]o survive a motion to dismiss, a complaint must contain sufficient matter . . . to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009), quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S 544, 570 (2007). The plausibility requirement requires more than the possibility a defendant acted unlawfully. <u>Iqbal</u>, 556 U.S. at 678. A complaint that merely pleads facts consistent with liability does not meet the plausibility standard. <u>Iqbal</u>, 556 U.S. at 678. To meet the plausibility standard, facts must raise a right to relief above the speculative level. <u>Twombly</u>, 550 U.S. at 555. Federal pleading rules require a complaint to provide sufficient notice to a defendant regarding the causal connection between him and the plaintiff's claim. <u>Dura Pharmaceuticals, Inc. v. Broudo</u>, 544 U.S. 336, 347 (2005).

Conclusory factual allegations, unwarranted deductions, claims that are internally inconsistent or can be disproven by facts of which the court can take judicial notice, and legal conclusions are not accepted as true for the purposes of a motion to dismiss. <u>Ellen S. v. Fla. Bd. of Bar Examiners</u>, 859 F. Supp. 1489, 1492 (S.D. Fla. 1994) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." <u>Twombly</u>, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S. 678 (<u>quoting</u> <u>Twombly</u>, 550 U.S. at 555, 557). While *pro se* litigants are entitled to the benefit of having their

pleadings liberally construed, a court cannot "act as de facto counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action." <u>GJR Investments, Inc. v. County of Escambia, Fla.</u>, 132 F. 3d 1359, 1369 (11th Cir. 1998) (overruled on other grounds by Iqbal).

## II. Failure to State a Claim – Respondeat Superior

Within Plaintiff's Complaint, Plaintiff alleges that the Secretary is liable to Plaintiff based on *respondeat superior* or vicarious liability. ECF No. 1 at 5. The Plaintiff does not allege that the Secretary personally participated or directed the alleged actions of correctional officers against him, but the Plaintiff attempts to assert liability against the Secretary merely by claiming that the Secretary is liable for failing to prevent alleged violations committed by other correctional staff. <u>Id</u>. Plaintiff's claims do not allow for claims against the Secretary as the Secretary did not personally participate, approved, directed, or otherwise actively condone in the alleged actions made against the Plaintiff by correctional officers. <u>See</u> <u>e.g</u>. <u>Thompson v. Willis</u>, 2016 WL 5339362, *2 (N.D. Fla. 2016) ("[f]iling a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance."). <u>See</u> <u>also</u> <u>Noel v. Hart</u>, 2013 WL 819736, *1 (S. D. Ga. 2013) (noting that "[a]n allegation that a grievance was filed with supervisory personnel is an insufficient basis for liability in a section 1983 cause of action."); <u>Haverty v. Crosby</u>, 2006 WL 839157, *5 (N.D. Fla. 2006) (reasoning that a supervisor is not liable for conduct brought to his or her attention by a grievance form, unless the knowledge imputed to

the supervisor and the refusal to prevent the harm rises to the level of a custom, policy, or practice.).

Rather, to the extent that Plaintiff is attempting to allege that the Secretary is liable based on the doctrines of *respondeat superior* or vicarious liability, such claims are unavailable. See Harvey v. Harvey, 949 F. 2d 1127, 1129 (11th Cir. 1992) (citing Monell v. Dep't of Soc. Srvcs., 436 U.S. 658 (1978)). See also Collins v. City of Harker Heights, 503 U.S. 115 (1992); Pembaur v. City of Cincinnati, 475 U.S. 469 (1986). To be personally liable, the supervisory must either "personally participate in the alleged constitutional violation, or there is a causal connection between the actions of the supervisor and the alleged constitutional violation." Gray ex rel. Alexander v. Bostic, 458 F. 3d 1295, 1308 (11th Cir. 2006). See also Swint v. City of Wadley, 51 F. 3d 988, 999 (11th Cir. 1995) (citing Rivas and Zalter; Rivas v. Freeman, 940 F. 2d 1491, 1495 (11th Cir. 1991)); Zalter v. Wainwright, 802 F. 2d 397, 401 (11th Cir. 1986). An individual cannot be held liable for the omissions or actions of others, and a supervisor can only "be held liable for the actions of his subordinates under § 1983 if he personally participates in the act that causes the constitutional violation or where there is a causal connection between his actions and the constitutional violation that his subordinates commit." Am. Fed'n of Labor v. City of Miami, 637 F. 3d 1178, 1190 (11th Cir. 2011).

To demonstrate a causal connection, the Plaintiff must plead facts that plausibly show that the supervisor (a) had notice of a history of widespread abuse that he or she failed to correct; (b) initiated a custom or policy that resulted in a violation of Plaintiff's constitutional rights; or (c) directed subordinates to act unlawfully or failed to stop

them from doing so. Cottone v. Jenne, 326 F. 3d 1352, 1360 (11th Cir. 2003). "The deprivations that constitute widespread abuse sufficient to notify the supervising officials must be obvious, flagrant, rampant and of a continued duration, rather than isolated occurrences." Brown v. Crawford, 906 F. 2d 667, 671 (11th Cir. 1990). Vague and conclusory allegations are insufficient to support a claim for supervisory liability. Gonzalez v. Reno, 325 F. 3d 1228, 1235 (11th Cir. 2003). See also Hall v. Smith, 170 F. App'x 105, 108 (11th Cir. 2006) (stating that "[b]ecause Hall alleged no factual support for his conclusory statement that the City had a policy or custom of grossly inadequate supervision and training of its employees, the district court did not err in dismissing Hall's claims against the City"); Townsend v. Heard, 2016 WL 557844, *5 (N. D. Ala. 2016) (dismissing the plaintiff's supervisory liability claim because he alleged no facts to support his allegation that "[t]he defendants' improper custom or policy that encouraged sexual misconduct and coercion amounted to deliberate indifferent to Plaintiff's federal rights."). Ultimately, "[t]he standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely rigorous." Cottone, 326 F. 3d at 1360. Further, "[b]ecause vicarious liability is inapplicable to ... [section] 1983 suits, a plaintiff must plead that each Government official defendant, *through the official's own individual actions,* has violated the Constitution." Iqbal at 1948 (emphasis added). A plaintiff must plead that a defendant acted with "purpose rather than knowledge" to satisfy this standard. *Id.* at 1949.

Here, the Plaintiff allege that the Secretary is "fully aware that [the] plaintiff is

being denied proper ADA accommodations" because the Plaintiff filed grievances alleging the violation. ECF No. 1 at 5. As stated above, filing grievances or appeals with the supervisor does not state a claim for relief against the supervisor. The Plaintiff does not allege with any specificity that the Secretary directed, participated, or otherwise affirmatively condoned the actions or inactions of correctional officers who took his pediatric diapers. Moreover, the Plaintiff alleges two, isolated incidents where his pediatric diapers were taken away from him by correctional staff, but again, the Plaintiff fails to show how these two incidents make the Secretary liable for the actions of nonparties. The Plaintiff fails to state a claim against the Secretary for respondeat superior/vicarious liability, and the Complaint should be dismissed with prejudice.

### III. Failure to State a Claim pursuant to the Americans with Disabilities Act and the Rehabilitative Act.

Under the ADA and RA and in order to establish a prima facie case, the Plaintiff must show: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by a public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of his disability. Bircoll v. Miami–Dade County, 480 F.3d 1072, 1083 (11th Cir.2007). An ADA claim may proceed on the theory that the Defendant failed to reasonably accommodate the Plaintiff's disability. See Schwarz v. City of Treasure Island, 544 F.3d 1201, 1212 n. 6 (11th Cir.2008). Lonergan v. Florida Dept. of Corr., 623 Fed.

Appx. 990, 992 (11th Cir. 2015). The standard is the same under Section 504 of the Rehabilitative Act.

A court assesses the complaint's well-pleaded allegations to determine if they state a plausible cause of action based upon the identified claim's elements. Iqbal, 556 U.S. at 678. Plausibility ensues "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and the analysis involves a context-specific task requiring a court "to draw on its judicial experience and common sense." Id. at 678-679. The plausibility standard does not equate to a "probability requirement," yet it requires more than a "mere possibility of misconduct" or factual statements that are "merely consistent with a defendant's liability." Id.

At the very least, the Plaintiff does not state claim, because he fails to allege that the exclusion, denial of benefit, or discrimination was *by reason of his disability*. The Plaintiff alleges that he is entitled to pediatric (Huggies or Pampers) diapers due to his small frame, is paraplegic, and wheelchair bound. Certainly, the Plaintiff, assuming his self-description is true for purposes of the Complaint, *may* be entitled to adult or even youth diapers if medical staff deems it medically necessary. But pediatric diapers?

The Plaintiff's demand doesn't pass the smell test and fails to comport with common sense and reality. The Plaintiff does not provide his height, weight, and unless he has been diagnosed with dwarfism, which he does not allege, and is the size of the average five to six-year-old child, pediatric diapers are not a reasonable

accommodation he is entitled to, irrespective of whether he was previously permitted to have them or not.

According to the Florida Department of Corrections' website, the Plaintiff is serving time for 83 counts of possession of child pornography.[2] Given his conviction history, the Plaintiff's requests for pediatric diapers appears to be rooted in a nonmedical reason. Extra small adult diapers, or perhaps youth size, would be more appropriate for a small-framed adult rather than pediatric diapers. The Plaintiff complains that adult diapers are "ill-fitted", but assuming that is true, he does not allege that he requested the smallest adult or youth diapers and that the Department failed to accommodate that requests. Moreover, common sense dictates than an extra-small adult or youth-size diaper holds a larger amount of feces than a pediatric diaper. Providing this inmate with pediatric diapers is not a reasonable accommodation, and at the very least, he fails to allege that the denial was by reason of his disability. Therefore, the Plaintiff fails to state a cause of action under the ADA and RA, and his complaint should be dismissed with prejudice.

I certify that this motion contains less than 2700 words.

Respectfully Submitted,

ASHLEY MOODY
ATTORNEY GENERAL

---

[2] McDowell Bey v. Vega, 558 Fed.Appx. 923, 927 (11th Cir.2014) (holding that a trial judge is not limited to the four corners of the complaint and may take judicial notice of facts contained in a report from a state agency to assist in making a determination on a parties' motion to dismiss).

*/s/* Omar J. Famada
Omar J. Famada
Assistant Attorney General
Florida Bar No.: 94467
Office of the Attorney General
The Capitol, Suite PL-01
Tallahassee, Florida, 32399
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
Omar.Famada@myfloridalegal.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF and furnished by U. S. Mail on July 23, 2021 to: **Gary L. Seymour, DC# T77153,** Reception Medical Center, PO Box 628, Lake Butler, FL 32054.

/s/ Omar J. Famada
Omar J. Famada