## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

GARY LEE SEYMOUR,

     Plaintiff,

v.                          CASE NO.:  5:20-cv-214-TKW-MJF

MARK S. INCH, SECRETARY OF
FLORIDA DEPARTMENT OF
CORRECTIONS,

     Defendant.

_____/

### SECRETARY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

The Defendant, Mark S. Inch, Secretary of the Florida Department of Corrections ("Secretary"), by and through the undersigned counsel, responds in opposition to the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 6) and in support of the Secretary's position, states the following:

### BACKGROUND AND PROCEDURAL HISTORY

1.     The Plaintiff, Gary Lee Seymour (the "Plaintiff" or "Seymour"), DC# T77153, is an inmate in the custody of the Florida Department of Corrections and serving time for eighty-three (83) convictions for possession of child pornography.  His estimated release

date is December 27, 2028.[1]

2.    On August 17, 2020, the Plaintiff initiated a 42 USC § 1983 action by filing his Complaint for Violation of Civil Rights alleging violations of Americans with Disabilities Act and Section 504 of the Rehabilitation Act. *See generally* ECF No. 1.

3.    On September 22, 2020, the Plaintiff filed in a Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 6).

4.    On April 21, 2021, the Secretary was served with the summons, complaint, and Plaintiff's motion, and after an extension requested by the Secretary, a response to the motion and complaint is due on July 12, 2021. ECF No. 19.

The Plaintiff **alleges** the following:

In his Complaint, the Plaintiff alleges that he is a paraplegic and 100% disabled, and that he is not receiving pediatric diapers for bowel incontinence. ECF No. 1 at 5. On February 19, 2014, the Plaintiff began his incarceration with the Florida Department of Corrections ("FDC" or "the Department") at Central Florida Reception Center (CFRC) with two boxes of pampers cruisers size 6, and said diapers were being continuously provided "but were being harder to receive." Id. at 5. In March 2014, he was transferred to Gulf C.I. and provided with Huggies Little Movers size 5 for approximately 12 months. Id. Thereafter, the medical staff took away his Huggies and allegedly told the Plaintiff that he needed to get "big boy" diapers and provided him

---

[1] FDC's Offender Information Search, http://www.dc.state.fl.us/offendersearch/, Seymour, Gary L. DC# T77153.

with adult diapers that are too large for Plaintiff's small frame.  Id. at 5-6.

Apart from being a paraplegic, the Plaintiff alleges he has cancer and other serious medical conditions, and that if he develops sores, an infection could place him in a life-threatening situation.  Id.  Although the Plaintiff's timeline is vague, presumably between March 2015 through April 2019, the Plaintiff was receiving adult diapers, until he received three boxes of Huggies in April 2019 when he was transferred from Suwannee C.I. to Northwest Florida Reception Center.  Id.  In June 2020, Sgt. Stevens at NWFRC took the Plaintiff's pediatric diapers.  Id.  The Plaintiff alleges that he is "being denied programs, services, and activities due to the ill-fitting adult diapers leaking" causing him to miss his meals and being told to law library and chapel.  Id.

In his motion for a temporary injunction, the Plaintiff vaguely and without any evidence alleges that the Secretary "has allowed staff to [commit] discrimination against a qualified ADA inmate, by engaging in systemic fashion with an unwritten policy." ECF No. 6 at 1, ¶ 2.  The Plaintiff also alleges that the "[Secretary] continues to knowingly allow his staff to discriminate against plaintiff by denying the requested ADA accommodations, pediatric diapers."  Id. at ¶ 3.  The Plaintiff asserts that he has "reasonable cause to [believe] that he is in danger of recurring sores that put him in imminent danger of death."  Id. at ¶ 4.  For relief, the Plaintiff requests a temporary injunction to compel the Secretary to provide him with pediatric diapers.  Id. at 2.

## Memorandum of Law

### I.        Preliminary Injunction

In order to obtain a preliminary injunction, Plaintiff must demonstrate "(1) a substantial likelihood of success on the merits of [his] case; (2) that [he] would suffer irreparable injury without the issuance of the injunction; (3) that [his] potential injury is greater than the possible harm the injunction would cause the [Defendant]; and (4) that the injunction would disserve the public interest." *Berber v. Wells Fargo Bank, N.A.*, 760 Fed. App'x 684 (11th Cir. 2019). *See also Washington v. Jones*, 2019 WL 920228, *4 (N.D. Fla. 2019) *Report and Recommendation adopted by Washington v. Jones*, 2019 WL 919589 (N.D. Fla. 2019). "A preliminary injunction 'is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden or persuasion as to each of the four prerequisites.'" *Hamm v. Commissioner, Alabama Department of Corrections*, 725 F. App'x 836, 840 (11th Cir. 2018) (citing *McDonalds Corp. v. Robertson*, 147 F. 3d 1301, 1306 (11th Cir. 1998)). <u>See</u> <u>also</u> Rule 56, Federal Rule of Civil Procedure. If the Plaintiff fails to meet any of the four elements, injunctive relief cannot be granted. *Café 207, Inc. v. St. John's City.*, 989 F.2d 1136, 1137 (11th Cir. 1993).

## ARGUMENT

### I.        Plaintiff has not demonstrated a substantial likelihood of success on the merits of his case.

The Plaintiff does not have a substantial likelihood of success on the merits of his case. In the Complaint, the Plaintiff alleges he wore adult diapers for more than five

years, and yet, he did not allege that he developed sores from the adult diapers, but only that "if" a sore developed, it could place his life in danger.  Moreover, even if a sore developed from fecal matter, the Plaintiff failed to allege that security or medical staff failed to treat any sores or prevented him from cleansing himself.

Medical records reviewed by Kellie Caswell indicate that despite being paraplegic and wheelchair, the Plaintiff uses very little adult diapers; his urine drains into a bag; and the Plaintiff has little to no need for any diapers.  Exhibit A.  Lastly, pediatric diapers do not fit his frame, and the Plaintiff has repeatedly refused small adult diapers that are appropriate for his frame.  Id.  As stated in the Secretary's Motion to Dismiss and confirmed by the Plaintiff's statement of requesting "Mickey Mouse diapers", the Plaintiff's requests for pediatric diapers are suspect given his eighty-three convictions for possession of child pornography.[2]

Apart from the Plaintiff's factual deficiencies, the Plaintiff appears to not have exhausted his administrative remedies.  Since July 1, 2019, the Plaintiff did not file any grievance or appeal concerning the denial of Plaintiff's pediatric diapers nor of security staff taking them away.  Exhaustion is mandatory.  Alexander v. Hawk, 159 F.3d 1321, 1323 (11th Cir.1998); Harper v. Jenkin, 179 F.3d 1311 (11th Cir.1999).  Section § 1997e(a) requires the plaintiff to exhaust any available administrative remedy *before* he files suit.  Smith v. Terry, 491 F. App'x 81, 83 (11th Cir. 2012) (unreported op.); Cox v.

---

2 The medical records reviewed by Kellie Caswell state that the Plaintiff requested diapers with Mickey Mouse on them .  Exhibit A.

Mayer, 332 F.3d 422, 425 (6th Cir. 2006).3  In Porter v. Nussle, 534 U.S. 516, 532, 122 S. Ct. 983 (2002), the United States Supreme Court held that 42 U.S.C. §1997e(a) applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both.  Booth v. Churner, 532 U.S. 731, 734, 121 S. Ct. 1819 (2001); Alexander, 159 F.3d at 1325.  The requirement is not subject to either waiver by a court, or futility or inadequacy exceptions.  Alexander, 159 F.3d at 1325; see Booth, 532 U.S. at 741 n.6.

Additionally, it is well-settled law, that the Secretary cannot to be liable for actions of his subordinate under § 1983, and the plaintiff must show an affirmative link between the subordinate and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization.  Velez-Rivera v. Agosto-Alicea, 437 F.3d 145 (1st Cir. 2006).  The Plaintiff has not alleged that the Secretary participated nor directed any correctional or medical staff to take the Plaintiff's pediatric diapers, except for vague, conclusory statements that are devoid of factual enhancements.

Lastly, the Plaintiff is incorrect that he is entitled to "any" accommodation.  ECF

---

3  The Sixth Circuit in Cox cited to Harris v. Garner, 216 F.3d 970, 973-80 (11th Cir. 2000) (en banc), "[f]or an extended explanation of why 'to bring' means 'to file,'" where the Eleventh Circuit construed the same language  ("brought") in the physical injury section of § 1997e to mean "file."  Cox, 332 F.3d at 424 n.1.

No. 1 at 7, ¶12.  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Federal regulations implementing Title II require public entities to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program or activity." 28 C.F.R. § 35.130(b)(7)(I).  The Plaintiff is not entitled to every or any accommodation, but reasonable accommodations must be provided, and if suitable and appropriately sized adult diapers are made available (and the evidence says they have) to the Plaintiff, then his claims under the ADA and RA necessarily fail.

For the foregoing reasons, it does not appear that the Plaintiff has a substantial likelihood of success on the merits, and the Court should deny the Plaintiff's motion for an injunction.

**II.   Plaintiff will not suffer irreparable injury if he is not granted a preliminary injunction.**

The Plaintiff also fails to demonstrate an irreparable injury which would result if he was not granted a preliminary injunction. According to the Plaintiff's timeline, he received adult diapers for five years and did not develop a sore and he only alleged an outcome that did not occur.  The Plaintiff only reference to reoccurring sores is in the

motion's conclusion paragraph and no reference to any actual sore is made in the Complaint.  ECF No. 6 at 2.  Although these reoccurring sores are not alleged in the operative complaint, the fact that the Plaintiff may develop sores is not unusual given that he is paraplegic; uses a wheelchair for mobility; and sometimes wears diapers for incontinence.  The Plaintiff does not allege that security staff refuse to provide him with access to the showers to cleanse himself or that medical staff refuse or do not treat his sores.  Also, medical records indicate that, except for a minor one, Plaintiff has not developed sores or wounds.  Exhibit A.

The Eleventh Circuit has [i]rreparable harm "must be neither remote nor speculative, but actual and imminent." <u>Northeastern Florida Chapter of Ass'n of General Contractors of Am. v. City of Jacksonville</u>, 896 F.2d 1283, 1285 (11th Cir. 1990). A preliminary injunction "will not be issued simply to prevent the possibility of some remote future injury. A presently existing actual threat must be shown." 11A Charles Alan Wright, et al., Federal Practice and Procedure § 2948.1 (3d ed.).  The medical records state that the Plaintiff has been offered and he has refused to receive appropriately sized diapers.  Exhibit A.  The Plaintiff failed to allege any irreparable harm that is actual and imminent, and therefore, for the foregoing reasons, the Court should deny the Plaintiff's motion.

## III.   The balance of hardships.

For the reasons stated herein, the balance of hardships weighs in the Secretary's favor.

**IV.     The public interest will be best served by not issuing a temporary injunction.**

For the reasons stated herein, the public interest will be best served by not issuing a temporary injunction.

**WHEREFORE**, for the foregoing reasons, the Secretary respectfully requests that the Court deny the Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction.

ASHLEY MOODY
ATTORNEY GENERAL

/s/ Omar J. Famada
Omar J. Famada
Assistant Attorney General
Florida Bar No.:  94467
Office of the Attorney General
The Capitol, Suite PL-01
Tallahassee Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
Omar.Famada@myfloridalegal.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF and furnished by U. S. Mail on July 23, 2021 to:

**Gary L. Seymour, DC# T77153,** Reception Medical Center, PO Box 628, Lake Butler, FL 32054.

/s/ Omar J. Famada
Omar J. Famada