IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GARY LEE SEYMOUR,

    Plaintiff,

v.   CASE NO.: 5:20-cv-214-TKW-MJF

RICKY D. DIXON, SECRETARY OF
FLORIDA DEPARTMENT OF
CORRECTIONS,

    Defendant.
_____/

## SECRETARY'S ANSWER, DEFENSES, AND JURY TRIAL DEMAND TO THE THIRD AMENDED COMPLAINT

The Defendant Ricky D. Dixon, the Secretary of the Florida Department of Corrections ("Defendant" or "Secretary")), by and through undersigned counsel, files this Answer, Defenses, and Jury Trial Demand, and in accordance with the numbered or lettered paragraphs referenced in the Fifth Amended Complaint (ECF No. 78), answers as follows:

    I.    Parties to this Complaint

        A. Admitted.

        B. Admitted.[1]

    II.    Basis for Jurisdiction – Admitted.

    III.    Prisoner Status – Admitted.

---

[1] Pursuant to Rule 17(d), the Secretary of the Florida Department of Corrections is now Ricky D. Dixon.

IV. Statement of Facts – Admitted that the Plaintiff is an inmate in the custody of the Florida Department of Corrections and without knowledge as to the remaining allegations which are denied.

V. Statement of Claims – Admitted that the Plaintiff is suing under the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, and denied as to the remaining allegations which are denied.

VI. Relief Requested – Denied.

VII. Exhaustion – Without knowledge and denied.

VIII. Prior Litigation – Without knowledge and denied.

Unless a Plaintiff's allegation is specifically admitted, it is denied.

## DEFENSES

1. The Plaintiff failed to state a claim upon which relief can be granted.

2. The Plaintiff has failed to state a cause of action because there is no causal connection between plaintiff's claimed injuries and action or inaction by the defendant as required for liability under 42 U.S.C. §1983.

3. The Plaintiff cannot establish as a subjective matter that the Defendant acted with a sufficiently culpable state of mind as required for liability under 42 U.S.C. §1983. The Defendant denies all liability whatsoever.

4. The Defendant asserts that all injuries or damages suffered by Plaintiff were caused in whole or in part by Plaintiff's own negligence, wrongful acts, or misconduct.

5.   The Plaintiff failed to establish any constitutionally cognizant injury. Plaintiff's claim for damages is barred pursuant to the Prison Litigation Reform Act of 1995 (PLRA) based on lack of a physical injury.

6.   Any action taken by the Defendant was reasonable upon objective evaluation and not so grossly disproportionate to the need to take those actions to warrant recovery under Section 1983.

7.   The Plaintiff failed to mitigate his damages or injuries.

8.   The Defendant acted reasonably within the discretion of his position and the course and scope of employment and did not violate any clearly established statutory or constitutional right of the Plaintiff with which a reasonable person would have known and are entitled to qualified immunity from suit.

9.   The Defendant did not act in any way that would violate any clearly established rights guaranteed to the Plaintiff under the Constitution of the United States.

10.   Plaintiff assumed the risk when he refused to comply with lawful orders.

11.   The actions taken by the Defendant was reasonable upon objective evaluation and not so grossly disproportionate to the need to take those actions so as to warrant recovery under 42 U.S.C. § 1983.

12.   The Secretary is not liable for compensatory damages pursuant to Eleventh Amendment immunity, and not liable for punitive damages pursuant to sovereign immunity or applicable state and federal law.

13.   The Plaintiff is not entitled to declaratory nor injunctive relief as a matter of law.

The Defendant reserves the right to alter or amend their defenses.

## DEMAND FOR JURY TRIAL

The Defendants demand a jury trial on all issues so triable.

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

/s/ Omar J. Famada
Omar J. Famada
Senior Assistant Attorney General
Florida Bar No. 94467
Office of the Attorney General
The Capital, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850)414-3300
Facsimile: (850)488-4872
Omar.Famada@myfloridalegal.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF and furnished by U. S. Mail on January 20, 2022, to: **Gary L. Seymour, DC# T77153,** NW Florida Reception Center (Main Unit) 4455 Sam Mitchell Drive, Chipley, FL 32428.

/s/ Omar J. Famada
