UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GARY LEE SEYMOUR,

    Plaintiff,

v.                                               Case No. 5:20-cv-214-TKW-MJF

RICKY D. DIXON,

    Defendant.
_____/

## **ORDER**

The District Court denied Defendant's motion for summary judgment and returned this case to the undersigned for further pretrial proceedings. Doc. 64. This order sets forth the procedures and requirements for the submission of the parties' pretrial documents.

On or before **DECEMBER 12, 2022**, Plaintiff shall file (and serve on Defendant's counsel) the following three documents:

    **A.**     **Plaintiff's Statement of Facts**: A written statement of the facts that will be presented on Plaintiff's behalf at trial through testimony, documentary evidence, or other evidence.

    **B.**     **Plaintiff's Exhibit List**: A list of all exhibits Plaintiff will offer for admission into evidence at trial. Plaintiff's exhibit list shall assign a

number to each of Plaintiff's proposed exhibits and state what each exhibit is. **If Plaintiff does not intend to introduce exhibits at trial, he may file a notice to that effect instead of filing an exhibit list.**

    **C.**    **Plaintiff's Witness List**:  A list that includes each and every witness Plaintiff intends to have testify at trial. This witness list shall include:

1. the name of each witness;
2. an indication of whether the witness is an inmate;[1]
3. the address of each witness;
4. a short summary of the expected testimony of each witness; and
5. an estimate of the amount of time each witness will testify.

Plaintiff shall serve upon Defendant's counsel Plaintiff's Statement of Facts, Plaintiff's Exhibit List, and Plaintiff's Witness List, and Plaintiff shall include in the original document filed with the clerk of the court a certificate stating the date that a true and correct copy was served upon Defendant's counsel.

---

[1] The court may, on Plaintiff's request and the exercise of its discretion, issue writs of *habeas corpus ad testificandum* to procure the presence of inmate witnesses at trial. The court has no authority, however, to allocate funds to pay un-incarcerated witnesses whose attendance at trial is procured by subpoena. Accordingly, the court will not issue subpoenas for such witnesses unless Plaintiff first demonstrates his ability to pay the witnesses' travel expenses (including the current mileage rate plus the daily witness fee for each witness. *See* 28 U.S.C. § 1821.

Within **THIRTY DAYS** after Plaintiff files with this court the documents listed above, Defendant shall file (and serve on Plaintiff) the following three documents:

A. **Defendant's Statement of Facts**: A written statement of the facts that will be presented on Defendant's behalf at trial through testimony, documentary evidence, or other evidence.

B. **Defendant's Exhibits List**: A list of all exhibits that the Defendant will seek to admit at trial. Defendant's exhibit list shall assign a number to each of Defendant's proposed exhibits and state what each exhibit is. **If Defendant does not intend to introduce exhibits at trial, he may file a notice to that effect instead of filing an exhibit list.**

C. **Defendant's Witness List**: A list that includes each and every witness that Defendant intends to have testify at trial. This witness list shall include:

    1. the name of each witness;

    2. the address of each witness;

    3. a short summary of the expected testimony of each witness; and

    4. an estimate of the amount of time each witness will testify.

**Failure by any party, in the pretrial narrative statement or at the pretrial conference, to disclose fully the substance of the evidence to be offered at trial**

**may result in exclusion of that evidence at trial.** The only exceptions will be (a) matters which the court determines were not reasonably discoverable at the time of the pretrial conference; (b) privileged matters; and (c) matters to be used solely for impeachment of a witness.

In accordance with 28 U.S.C. § 636(c)(2), the clerk of the court shall forward to Plaintiff and to Defendant's counsel a form for consenting to have a United States Magistrate Judge exercise civil jurisdiction. The clerk of court shall write this case number on the form. If a party desires to consent, the party or counsel for the party should: (a) sign the consent form; and (b) mail the signed form to the clerk of the court. Consenting to have a Magistrate Judge handle this case likely will result in a speedier resolution of this case. Consenting to have a Magistrate Judge handle this case still affords the parties the ability to have a jury decide factual matters.

**SO ORDERED** this 10th day of November, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**