UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GARY LEE SEYMOUR,

    Plaintiff,

v.                                                        Case No. 5:20-cv-214-TKW-MJF

RICKY D. DIXON,

    Defendant.
_____/

## ORDER

This case is before the court upon Plaintiff's "Time-Sensitive Opposed Motion to Reopen Discovery for 60 Days and Extend the Deadlines in D.E. 65 to February 10, 2023 for Both Parties." Doc. 71. Plaintiff seeks to reopen discovery for the following purpose: "to serve one round of discovery requests to Defendant and a Fed. R. Civ. P. 45 subpoena on FDC's medical provider (Centurion) and Fed. R. Civ. P. 30(b)(6) depositions of persons designated by FDC and Centurion on the issues raised in this case." Doc. 71 at 3.

On December 8, 2022, the undersigned ordered Defendant to respond to Plaintiff's motion within five days. Doc. 72. Defendant has filed a limited response and motion for extension of time. Doc. 73. Defendant's limited response states that he does not oppose: (1) service of a Rule 45 subpoena on the non-party medical

provider (recognizing that Defendant cannot waive the provider's specific objections, if any, once served); and (2) an extension of the deadline for the parties to file their pretrial statements, witness and exhibit lists. Doc. 73 at 1; *see also* Doc. 65 (Pre-Trial Order). Defendant seeks a 5-day extension of time to respond to Plaintiff's request to reopen discovery for the purpose of taking depositions and serving a request for production of documents.

Upon consideration of the foregoing, is it **ORDERED** that:

1. Plaintiff's "Time-Sensitive Opposed Motion to Reopen Discovery for 60 Days and Extend the Deadlines in D.E. 65 to February 10, 2023 for Both Parties," Doc. 71, is **GRANTED IN PART** and **DEFERRED IN PART** as follows:

    a. Plaintiff's request to serve a Rule 45 subpoena on the FDC's medical provider for documents related to the issues in this case is **GRANTED**, subject to the provider's right to object;[1]

    b. Plaintiff's request to extend the deadline for the parties to file their pretrial statements, exhibit and witness lists is **GRANTED** to the

---

[1] Plaintiff should bear in mind the narrow issue involved in this lawsuit and the procedural posture of this case. This is Mr. Seymour's *individual* lawsuit (not a class action) concerning the FDC's failure to accommodate *his* disability. This case has been pending for two years, is beyond the pleading and dispositive-motion stages, and is poised for a settlement conference and trial. An overbroad subpoena will cause unnecessary delay and motion practice.

extent that the deadline for both parties is **EXTENDED** to a unified deadline of **FEBRUARY 10, 2023**.

    c.    Plaintiff's motion, Doc. 71, is **DEFERRED** in all other respects.

2.    Defendant's motion for a 5-day enlargement of time, Doc. 73, to respond to the remainder of Plaintiff's motion to reopen discovery is **GRANTED**, and Defendant's deadline is **EXTENDED** to **DECEMBER 19, 2022**.

**SO ORDERED** this 13th day of December, 2022.

    /s/ *Michael J. Frank*
    **Michael J. Frank**
    **United States Magistrate Judge**