UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**GARY LEE SEYMOUR,**

    **Plaintiff,**

vs.                                             Case No. 5:20-cv-214-TKW/MJF

**RICKY D. DIXON,**

    **Defendant.**
_____/

## DEFENDANT'S RESPONSE AND PARTIAL OBJECTION TO 'PLAINTIFF'S MOTION FOR HIPPA-QUALIFIED PROTECTIVE ORDER'

COMES NOW Defendant, RICKY DIXON, through undersigned counsel, and does hereby respond to Plaintiff's above-styled pending motion. [Doc. 75] Defendant states the following:

1. Plaintiff has moved for a HIPPA-Qualified Protective Order [Doc. 75], and submitted a proposed Order attached thereto. [Doc. 75-1]

2. Defendant agrees that a Protective Order is needed for Plaintiff to obtain medical records pertaining to Plaintiff's medical condition, which are relevant to this suit, and his 'protected health information' ('PHI'), which are in Defendant's official custody and control.

3. However, insofar as Plaintiff also seeks medical or other records pertaining to 'other institutions' where he has been housed, which reflect orders, supplies, etc., not specific to Plaintiff, Defendant objects. They are not limited in scope to Plaintiff's claim herein, and appear to include medical information pertaining to other inmates who are not parties to his suit.

4. Furthermore, Defendant objects to inclusion in the Protective Order of any documents or medical records of any inmate other than Plaintiff, or which might reveal their PHI.

5. As this Court noted in its previous Order, this case is Plaintiff's "…individual lawsuit'

1

(not a class action) concerning the FDC's failure to accommodate his disability…" [Doc. 74, pg. 2, FN 1]

6. Accordingly, PHI of other inmates, or concerning generic orders or supplies not specific to Plaintiff, have no bearing on the issues herein.

7. Whether other inmates may have been exposed to the same health risks as Plaintiff alleges is irrelevant to Plaintiff's individual claim. There is no need to include their PHI in the Protective Order to be issued by this Court.

8. Accordingly, Defendant objects to the following portions of the proposed Protective Order:

   (a) Paragraph 4b. insofar as it refers to "…records of overall periodic orders, purchases, receipts, and issuance of specific types and sizes of diapers" other than pertain to Plaintiff himself. [Doc. 75-1, pg. 2]

   (b) Paragraph 4c in its entirety. [Id., pgs. 2, 3]

   (c) Paragraph 4e [Id., pg. 3]   (there is no subsection 4d). (this section is also overly broad and vague.)

9. Therefore, Defendant respectfully requests that the Court limit its HIPPA Qualified Protective Order pursuant to the objections noted herein.

Respectfully submitted,

ASHLEY MOODY
ATTORNEY GENERAL

/s/ Joe Belitzky
JOE BELITZKY
Senior Assistant Attorney General
Florida Bar No. 0217301
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050

Telephone: (850) 414-3300
Facsimile: (850) 488-4872
Joe.belitzky@myfloridalegal.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically filed via CM/ECF on Dec. 19, 2022.

/s/ Joe Belitzky
JOE BELITZKY