# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

GARY LEE SEYMOUR,

    Plaintiff,

v.                                                                   Case No. 5:20-cv-214-TKW-MJF

RICKY D. DIXON,

    Defendant.
_____/

## ORDER

This case is before the court upon Plaintiff's "Time-Sensitive Opposed Motion to Reopen Discovery for 60 Days and Extend the Deadlines in D.E. 65 to February 10, 2023 for Both Parties." Doc. 71. Defendant has responded in opposition. Doc. 77. For the reasons stated below, Plaintiff's motion is granted in part and denied in part.

### I. Background and Procedural History

Plaintiff, a wheelchair-bound paraplegic, is an inmate of the Florida Department of Corrections ("FDC") currently confined at the Reception and Medical Center. Plaintiff initiated this action on August 17, 2020, by filing a complaint against the Secretary of the FDC in his official capacity. Plaintiff claims that the FDC is violating Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132 ("ADA"), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.

§ 794 ("RA"), by failing to reasonably accommodate his bowel incontinence. Plaintiff seeks injunctive relief and money damages. Doc. 1.

On January 24, 2022, the undersigned issued a Case Management and Scheduling Order. Doc. 45. At that time, Plaintiff was proceeding *pro se*. The scheduling order set a discovery deadline of May 24, 2022, and a disposition-motions deadline of June 14, 2022. *Id*. Both parties conducted discovery. Although the record does not reveal the full extent of that discovery, it appears that at a minimum, Defendant took Plaintiff's deposition, and Plaintiff was allowed to inspect 1,865 pages of redacted documents. *See* Docs. 46–47; Doc. 77, Ex. A.

After the close of discovery, Defendant filed a motion for summary judgment. Doc. 54. The District Court denied Defendant's motion for summary judgment. Docs. 62, 64.

On November 10, 2022, the undersigned ordered the parties to file pretrial statements and exhibit and witness lists. Doc. 65. Also on that date, the undersigned scheduled a settlement conference for February 16, 2023. Doc. 67.

On November 18, 2022, counsel appeared for Plaintiff. Docs. 69, 70. On December 8, 2022, Plaintiff filed the now-pending "Time-Sensitive Opposed Motion to Reopen Discovery for 60 Days and Extend the Deadlines in D.E. 65 to February 10, 2023 for Both Parties." Doc. 71.

Defendant filed a limited response and motion for extension of time to respond further. Doc. 73. Pursuant to Defendant's limited response, the undersigned granted

Plaintiff's motion as to those portions that were unopposed, and provided Defendant additional time to respond to the remainder of Plaintiff's motion. Doc. 74. Defendant has responded. Doc. 77.

**A.     Plaintiff's Proposed Discovery Plan**

Plaintiff seeks to reopen discovery for 60 days, for the following purpose: "to serve one round of discovery requests to Defendant and a Fed. R. Civ. P. 45 subpoena on FDC's medical provider (Centurion) and Fed. R. Civ. P. 30(b)(6) depositions of persons designated by FDC and Centurion on the issues raised in this case." Doc. 71 at 3. Plaintiff maintains that granting his request will leave the date for the settlement conference—February 16, 2023—"intact." *Id*. at 1.

Plaintiff's proposed "one round of discovery requests" would request the following items:

a.  Plaintiff's complete medical and mental health files.

b.  Plaintiff's classification file, to include Plaintiff's housing records, his grievances and appeals, any disciplinary charges, dispositions, and worksheets, housing records, classification records, movement records, use of force records, investigation records, incident reports.

c.  Duty rosters "for all shifts for the week of the incident."

d.  Dormitory logs "for the whole dorm" to show "when officers walk their rounds" and "how many inmates are in the dorm."

e.  Communications.

f.  Records relating to *Disability Rights Florida (DRF) v. Julie Jones*, and FDC compliance with the consent agreement relative to disabled inmates.

g. Personnel records of "persons implementing de facto policies on accommodating paralyzed or incontinent persons."

h. Training records of "persons implementing de facto policies on accommodating paralyzed or incontinent persons."

i. Training materials "relative to accommodating paralyzed or incontinent persons, dealing with skin infections."

j. Policies and procedures, manuals, and guidelines currently in effect "for the accommodation of paralyzed and/or incontinent inmates and treatment of tissue, bone, and blood infections or sepsis."

k. Records of diaper purchase and inventory at Plaintiff's facility from 2015.

l. Actual samples of the diapers FDC claims are appropriate for Plaintiff.

*Id.* at 2–3.

**B.     Defendant's Response to Plaintiff's Proposed Discovery Plan**

Defendant did not oppose issuance of a Rule 45 subpoena on the nonparty medical provider for documents related to the issues in this case (subject to the provider's right to object). Doc. 73. The undersigned previously granted that aspect of Plaintiff's motion. Doc. 74.

Defendant opposes reopening discovery for any other purpose. Defendant explains that during the discovery period, Plaintiff availed himself of the discovery process by serving a request for production and inspecting 1,865 pages of documents as a result thereof. Doc. 77 & Ex. A. Defendant maintains that the appearance of counsel on Plaintiff's behalf—in and of itself—does not justify reopening discovery.

Defendant states that if this court reopens discovery, his position concerning the particular items Plaintiff seeks is as follows:

a. **Plaintiff's medical and mental health records.** Defendant does not object to the production of Plaintiff's medical and mental health files subject to the HIPAA Qualified Protective Order entered by this court.

b. **Plaintiff's classification file.** Defendant does not object to production of Plaintiff's classification file, subject to redaction of any documents for security restrictions required by the FDC.

c. **Duty Rosters.** Defendant objects to production of "duty rosters" on both security and relevancy grounds. Defendant explains that the narrow issue in this case is whether Plaintiff should have received, and should continue to receive, "pediatric" diapers. There is no showing of relevancy as to where unspecified personnel were working on unidentified dates, relative to unspecified incidents. Furthermore, it would be unduly burdensome for Defendant to attempt to accommodate such a request. Plaintiff mentions the "week of the incident"; however, his complaint is not related to a single "incident," but rather an alleged ongoing practice.

d. **Dormitory logs.** Defendant objects to production of "dormitory logs" for the same reasons stated for subparagraph c. above.

e. **Communications.** Defendant objects to production of unspecified "communications" because the request is so overbroad and lacking in specificity that it would be unduly burdensome for Defendant to attempt to respond.

f. **Records in *Disability Rights Florida (DRF) v. Julie Jones*.** Defendant objects to producing records pertaining to that case because they are public documents that are equally available to Plaintiff's counsel.

g. **Personnel records.** Defendant objects to production of unspecified personnel records of unspecified persons, for the reasons provided in subparagraph "e." above.

h. **Training records.** Defendant objects to production of training records of unspecified persons for the reasons discussed in subparagraphs "e." and "g." above.

i. **Training materials.** Defendant will attempt to produce the training materials as specified.

j.  **Policies, procedures, manuals and guidelines.** Defendant will attempt to produce the policies, procedures, manuals, and guidelines specified.

k.  **Records of diaper purchases and inventory pertaining to Plaintiff.** Defendant will attempt to produce the records of diaper purchase and inventory pertaining to Plaintiff, provided they still exist. However, Defendant objects to producing records pertaining to any other inmate. Diaper purchases pertaining to other inmates are irrelevant and disclosure of that information could violate those inmates' Protected Health Information under HIPAA.

l.  **Diaper samples.** Defendant will attempt to produce the diaper samples specified.

Doc. 77 at 2-4.

## II. DISCUSSION

In *Ashmore v. Secretary, Department of Transportation*, 503 F. App'x 683 (11th Cir. 2013), the court applied the following standard to a motion to reopen discovery:

> Under Federal Rule of Civil Procedure 16(b), the district court must issue a scheduling order that limits the time to complete discovery. Fed. R. Civ. P. 16(b)(3)(A). The schedule set forth by the court may only be modified for good cause and with the court's consent. Fed. R. Civ. P. 16(b)(4). Additionally, under Rule 6(b), when an act must be done within a specified time, the court may extend that time period for good cause. Fed. R. Civ. P. 6(b)(1)(A). To establish good cause, the party seeking the extension must establish that the schedule could not be met despite the party's diligence. *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008). We have often held that a district court has not abused its discretion by holding the litigants to the clear terms of its scheduling order. *See, e.g.*, *Josendis*, 662 F.3d at 1307.
>
> Under Rule 6(b)(1)(B), the court may, for good cause, extend the time period for filing a motion after the deadline has expired as long as the party failed to act because of excusable neglect. To determine if there was excusable neglect, the court considers the following factors:

> (1) the danger of prejudice to the nonmovant; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993). We have noted that, in *Pioneer*, the Supreme Court accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration. *See Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (holding that the nonmovant was not prejudiced by the movant's six-day delay).

*Ashmore*, 503 F. App'x at 685–86.

Defendant is correct that neither Plaintiff's *pro se* status during discovery, nor the recent appearance of counsel on Plaintiff's behalf—in and of itself—establishes "good cause" to reopen discovery. Nevertheless, this court is mindful that the recent appearance of counsel on Plaintiff's behalf was in response to this court soliciting the local federal bar for a volunteer attorney to assist Plaintiff. In order to prepare for the settlement conference (and trial), counsel needs to review documents relevant to Plaintiff's claims even though Plaintiff, himself, already inspected some of those documents.

It does not appear that Defendant will be prejudiced by the court reopening discovery—for a short period of time—on the **very narrow and individualized issue presented in this case**. As long as that discovery is completed before the scheduled settlement conference, it will not impact judicial proceedings.

Thus, having reviewed Plaintiff's proposed discovery and Defendant's response, and bearing in mind the extremely limited nature of Plaintiff's ADA and

> (1) the danger of prejudice to the nonmovant; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498, 123 L. Ed. 2d 74 (1993). We have noted that, in *Pioneer*, the Supreme Court accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration. *See Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (holding that the nonmovant was not prejudiced by the movant's six-day delay).

*Ashmore*, 503 F. App'x at 685–86.

Defendant is correct that neither Plaintiff's *pro se* status during discovery, nor the recent appearance of counsel on Plaintiff's behalf—in and of itself—establishes "good cause" to reopen discovery. Nevertheless, this court is mindful that the recent appearance of counsel on Plaintiff's behalf was in response to this court soliciting the local federal bar for a volunteer attorney to assist Plaintiff. In order to prepare for the settlement conference (and trial), counsel needs to review documents relevant to Plaintiff's claims even though Plaintiff, himself, already inspected some of those documents.

It does not appear that Defendant will be prejudiced by the court reopening discovery—for a short period of time—on the **very narrow and individualized issue presented in this case**. As long as that discovery is completed before the scheduled settlement conference, it will not impact judicial proceedings.

Thus, having reviewed Plaintiff's proposed discovery and Defendant's response, and bearing in mind the extremely limited nature of Plaintiff's ADA and

RA claims, the court will reopen discovery for the purpose of allowing Plaintiff to serve a document request for the following materials:

a. **Plaintiff's medical and mental health files**, subject to the terms of the HIPAA Qualified Protective Order entered in this case.

b. **Plaintiff's classification file**, subject to redaction of any documents for security reasons as required by the Florida Department of Corrections.

c. **Training materials** relating to accommodating paralyzed or incontinent inmates.

d. **Policies and procedures, manuals, and guidelines** currently in effect for the accommodation of paralyzed and/or incontinent inmates.

e. **Records of diaper purchase and inventory** at Plaintiff's facilities from 2015 to the present.

f. **Actual samples of the diapers** the FDC claims are appropriate for Plaintiff.

At this time, the court will not allow discovery with regard to the remaining items, because the requests are overly broad and lacking in specificity, and because Plaintiff has not shown how the requested items are relevant to his claim that the diapers Defendant provides are not a reasonable accommodation for Plaintiff's bowel incontinence.

### III. CONCLUSION

For the reasons stated above, it is **ORDERED**:

1. The portion of Plaintiff's motion to reopen discovery, Doc. 71, that previously was deferred, is now **GRANTED IN PART** and **DENIED IN PART** as follows:

a. Plaintiff's request to reopen discovery is **GRANTED** to the extent that discovery is **REOPENED** until **FEBRUARY 6, 2023** for the purpose of Plaintiff serving a discovery request on Defendant for the six categories of items specified in Section II, items "a." through "f." above; and

b. Plaintiff shall serve his discovery request on or before **JANUARY 6, 2023**, and Defendant shall respond to Plaintiff's discovery request on or before **FEBRUARY 6, 2023**.

2. Plaintiff's motion, Doc. 71, is **DENIED** without prejudice in all other respects.

**SO ORDERED** this 20th day of December, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**