UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GARY LEE SEYMOUR,

    Plaintiffs,

v.                                                      Case No. 5:20-cv-214-TKW/MJF

RICKY D. DIXON,

    Defendant.
_____/

**ORDER RESCHEDULING SETTLEMENT CONFERENCE**

This case has been referred to the undersigned for a settlement conference. Doc. 64. The conference will be held on **March 17, 2023, at 9:30 a.m., central time**. The conference will be conducted telephonically to the extent that the parties are not required to attend "in person" at the courthouse. The conference will conclude <u>no later than</u> the close of business on March 17, 2023.

**Required Participants.** Each party must be represented by the following required participants: (1) counsel of record as of the date of this order, if any, who is/are familiar with the case; (2) the party and/or decisionmaker of the party, who must have full authority to act on behalf of the party, including the authority to negotiate a resolution of the matter and to respond to developments during the

Page 1 of 6

settlement process; and (3) if the party is insured, a representative with full authority to make settlement decisions.[1]

**"Full Authority" Defined.** "Full authority" means that those participating on behalf of a party should be able to make independent decisions and have a knowledge or an understanding of the dispute in order to generate and consider solutions and/or to be able to address the negotiation dynamics in settlement. It is not just settlement authority to make an offer or to accept an amount. These requirements are intended to increase the efficiency and effectiveness of the settlement conference by reducing the time for communication of offers, expanding the ability to explore options for settlement, and facilitating settlement.

**Mandatory Discussions Prior to the Settlement Conference.** Settlement conferences often are unproductive unless the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own. Therefore, **before the settlement conference, the parties shall negotiate and make a good-faith effort to settle the case without the involvement of the court**. At a minimum, specific proposals and counterproposals shall be exchanged before the conference, even if such proposals were exchanged previously.

---

[1] Failure to comply with the attendance provisions of this order may result in an award of costs and/or attorney's fees incurred by the other party in connection with the conference or the imposition of other appropriate sanctions.

**Communication with the Court if Settlement is Reached.** If the parties should arrive at a settlement before the settlement conference, the parties shall immediately communicate this to the court by filing a joint notice of settlement.

**Confidential Settlement Statements.** **On or before March 10, 2023**, each party shall provide to the office of the undersigned a confidential settlement statement.[2] The parties **SHALL NOT** file the confidential settlement statements with the clerk of the court or serve it upon opposing counsel, as <u>the statements will not become a part of the file of this case and will be for the exclusive use of the undersigned in preparing for and conducting the conference</u>.

**Contents of the Confidential Settlement Statements**. Each confidential settlement statement shall contain:

(1) a brief description of all remaining claims and the law and defenses applicable thereto;

(2) a concise recitation of the facts and evidence the party (or parties) expects to present at trial, including evidence that supports any claim for damages;

---

[2] Each party may email its respective confidential settlement statement to Brian_Ettari@flnd.uscourts.gov. The confidential settlement statement also may be mailed or hand-delivered to "Judge Frank's Chambers, One North Palafox Street, Pensacola, FL 32502-5665." If mailed or hand-delivered, please write on the outside of the envelope and on the top of the confidential settlement statement: "**Confidential Settlement Statement – Do Not File**."

(3) a brief description of the relief that may be afforded to the prevailing party (or parties) at trial (*e.g.*, the nature and extent of damages, entitlement to attorney's fees);

(4) an estimate of attorney's fees, if any, and costs of litigation to date and through trial;

(5) an outline of settlement negotiations to date, including the most recent proposals and counterproposals (any inconsistencies between the parties' outlines in this regard will be settled in open court at the commencement of the conference; <u>thus, the parties may wish to confer with each other before submitting their outlines to ensure that the outlines are the same with respect to prior settlement negotiations</u>); and

(6) a statement regarding whether any settlement terms are believed to be "nonnegotiable" and, if so, a description of those terms.

The confidential settlement statements should not be lengthy, but they should contain enough information to be useful to the undersigned in analyzing the factual and legal issues in the case.

**<u>Confidentiality of the Settlement Conference.</u>** The settlement conference will be conducted in such a manner as not to prejudice any party in the event settlement is not reached. To that end, all matters communicated to the undersigned in confidence before or during the conference will be kept confidential and will not

be disclosed to any other party (without consent) or to the District Judge assigned to this case. Furthermore, after the settlement conference, the undersigned will have no further involvement with this case.

**Structure of the Settlement Conference.** At the conference, separate confidential, telephonic caucuses will be held with Plaintiff and lead counsel for Defendant. To that end, **lead counsel for Defendant is responsible for coordinating with the Florida Department of Corrections to ensure Plaintiff's meaningful and uninterrupted participation in the settlement conference**.

The conference will end when settlement is reached or when the undersigned concludes that further negotiation would be unlikely to result in settlement.

**Preparation for the Settlement Conference.** To make the best use of the time allotted, prior to the conference counsel, if any, should consider and, if appropriate, discuss with counsel's client the following issues or events that may arise during the separate caucuses: (1) the undersigned might address the client personally; (2) the undersigned might ask counsel to assess the weaknesses/strengths of the claims and defenses; and (3) the undersigned might ask counsel to discuss whether attorney's fees or other expenses are affecting settlement and, if so, whether this has been communicated to the opposing party.

**Written Settlement Agreement Required. Counsel for Defendant** shall bring to the settlement conference an editable, draft settlement agreement and any

other documents necessary to settle the case. To facilitate settlement, counsel may elect to share the proposed settlement agreement with Plaintiff prior to the settlement conference.

**SO ORDERED** this <u>2nd</u> day of February, 2023.

<u>/s/ *Michael J. Frank*</u>
**Michael J. Frank**
**United States Magistrate Judge**
